THE CINCINNATI, MILFORD & BLANCHESTER TRACTION CO. *v.* VILLAGE OF MILFORD.

*Pleadings—Judgment thereon precluded by question of fact— Authority under municipal ordinance to locate Y track in street—Mandatory injunction by municipality to require removal.*

Where petition of village prayed mandatory injunction for removal of traction company's Y, alleged to have been constructed on Water street under resolution granting temporary permission to maintain it, and answer alleged its location to be on Main street, under ordinance granting such right, question of location of Y *held* one of fact, precluding judgment on pleadings.

(Decided April 12, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Alvin H. Hodges,* for plaintiff in error.
*Messrs. Murphy & Joseph,* for defendant in error.

HAMILTON, J.   The defendant in error, the village of Milford, brought an action in the court of common pleas, seeking a mandatory injunction against the Cincinnati, Milford & Blanchester Traction Company, plaintiff in error here, to compel it to remove a Y, or turnout, constructed in connection with its tracks in Milford, Hamilton county, Ohio, west of the Little Miami river.

At the trial in the court below, counsel for the village of Milford moved for a judgment on the pleadings, which motion was sustained, and the court rendered a decree granting a mandatory injunction, requiring the traction company to remove the Y, or turnout, in question.

The basis of the claim of the village, as set up in the petition, was, that on the 15th day of September, 1924, council of the village, by resolution duly adopted, granted to the traction company authority to place a second track as a temporary Y, or turnout, across Water street, from its tracks on the west side to the power building on the east side thereof, under the terms, conditions, and agreements of Ordinance No. 116; that said grant or privilege of laying the cross-track or temporary Y in front of said power plant was to cease and terminate within 90 days from September 25, 1924; that the traction company constructed across said street at said point a temporary Y; and that the temporary track remains across said street, although more than 90 days have expired since its

408     Ohio Appellate Reports.

C., M. & B. Trac. Co. *v.* Milford.     [21 Ohio

construction. And the petition alleges that the traction company has no further use for said temporary Y or cross-tracks since the completion of the new bridge across the river, but that although requested so to do the traction company refuses to remove the same.

The traction company, by answer, admits certain allegations of the petition, which are not important, and alleges that the track is located on a street designated as Main street, under Ordinance No. 116 of the said village of Milford. We will observe at this point that there is a dispute as to the street on which the Y is located.

The answer admits the construction of the Y or turnout in question, and quotes the resolution, designated as resolution No. 2, granting authority to the traction company to construct the Y in question. That resolution is as follows:

"Now therefore, be it resolved by the council that the Cincinnati, Milford & Blanchester Traction Company be granted permission to construct a temporary Y or turnout in front of their plant in Montauck, Hamilton county, Ohio, under the conditions, agreements, and terms in Ordinance No. 116 of this village to which reference is hereby made—said grant or privilege to terminate within 90 days from date.

"Passed and adopted September 15, 1924."

If the only rights of the traction company were contained in this resolution, the judgment on the pleadings could be upheld. Our interpretation of that resolution and the rights thereunder is that the grant or privilege terminated in 90 days, and, after the expiration of that time the maintaining

OHIO APPELLATE REPORTS.                    409

App.]        C., M. & B. Trac. Co. *v.* Milford.

of the Y at the point would be without authority.
However, the answer sets up a copy of an ordi-
nance entitled Ordinance No. 116, which is the
original grant of the right to construct railways,
switches, and turnouts, granted by the village to
the traction company, its successors, and assigns,
passed and accepted March 3, 1903, granting the
right to construct and maintain its tracks, switches,
turnouts, etc., for a period of 25 years. The perti-
nent part of Ordinance No. 116, containing the
original grant, is as follows:

"Now, therefore, the right is hereby granted
to the said Cincinnati, Milford & Eastern Traction
Company, its successors, and assigns, to extend the
interurban street railway or traction line of said
the Cincinnati, Milford & Eastern Traction Com-
pany, into, through and beyond the village of Mil-
ford, by single or double track, at the option of
said company, with the necessary side tracks,
switches, and turnouts, over the following roads
or streets:

"Commencing at a point in the turnpike road of
the Cincinnati, Columbus & Wooster Turnpike
Company, where said road crosses the east cor-
poration line of said village of Milford, in Clermont
County, Ohio; thence along said road westwardly
to a point near the intersection of Spring street
with said road; thence southwestwardly along said
road or Main street to the intersection of Mill
street; thence westwardly along said Mill street
to its intersection with Water street; thence west-
wardly to the easterly end of the iron bridge over
the Little Miami river in said Milford; thence on
and crossing said bridge to the westerly end there-

of in said Milford, Hamilton county, Ohio; thence
over and along said turnpike or Main street, to
the west corporation line of said village of Mil-
ford in Hamilton county, Ohio.

"Provided, nevertheless, that no such side tracks
or turnouts shall be located on said Main street,
between the intersection of Garfield avenue and the
east corporation line of said village of Milford in
Clermont county, Ohio, except by consent and
under the direction of the council of said village."

The question is then presented as to whether or
not the provisions of Ordinance No. 116 gives the
right to construct and maintain the Y in question,
regardless of resolution No. 2, heretofore referred
to.

It will be noted that the first paragraph, above
quoted, provides among other things that the com-
pany may extend its traction line "by single or
double track, at the option of said company, with
*the necessary side tracks,* switches, and turnouts,
over the following roads or streets." This right
was to continue for 25 years.

Under and by virtue of the provisions of this
grant in Ordinance No. 116, the traction company
has the right, if necessary, to construct the Y in
question, if the same was placed upon the streets
provided in Ordinance No. 116. Water street is
not mentioned as one of the streets in Ordinance
No. 116. But the ordinance does provide that the
traction line may extend to the west corporation
line of said village of Milford. Whether or not
it passes over Water street is a question of fact.
The petition alleges that the Y is constructed on
Water street. The answer says that it is located

on a street designated as Main street, under Ordinance No. 116.

If the Y was constructed on Main street, then the traction company would have the right to build the Y, if necessary, under the terms of its original grant, Ordinance No. 116. As heretofore stated, if on another street, not authorized under the original grant, it would be held to resolution No. 2, and, on the expiration of 90 days, would be required to remove the Y.

It is apparent from a statement of this case that the court could not determine the question on the pleadings. There is a question of fact involved, as to the location of the Y, which would affect the determination of the rights of the parties.

The judgment will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., and CUSHING, J., concur.